**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2674
_____

UNITED STATES OF AMERICA

v.

EUGENE SPARROW,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 1-18-cr-00653-001)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 18, 2021

Before: AMBRO, PORTER and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 2, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Eugene Sparrow, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  We will affirm.

In 2019, Sparrow pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).  The District Court sentenced him to 57 months in prison.  Sparrow did not appeal.  He is confined at FCI Schuylkill in Pennsylvania.  Sparrow's prison term expires on May 20, 2023, and his projected release date is October 17, 2022.

In April 2020, Sparrow filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Appointed counsel filed a supplemental memorandum.  Sparrow stated that he is obese and pre-diabetic, that he suffers from hypertension, and that these and other conditions increase his risk of serious illness if he contracts COVID-19 while incarcerated.  He asked the District Court to reduce his sentence to time served or to a period of home confinement with location monitoring and a period of supervised release.[1]

The Government did not dispute that Sparrow's obesity constitutes an "extraordinary and compelling reason" for compassionate release in light of the pandemic.  The parties disagreed whether the conditions at FCI Schuylkill were also an extraordinary and compelling reason for release.  The District Court ruled that they were not.  The District Court recognized that the general conditions of incarceration make

---

[1] It is undisputed that Sparrow exhausted his administrative remedies before seeking relief in the District Court.

prisons potential hot spots for virus transmission, but it stated that the Bureau of Prison's Action Plan appeared to be working as FCI Schuylkill had only one confirmed active case of COVID-19 at the time of its decision. It noted that granting Sparrow's request to reside with his mother or sister in Newark, New Jersey could place him at a greater risk given the number of cases and deaths there and the fact that two of his family members had passed away due to COVID-19-related complications.

While the District Court agreed that Sparrow's obesity is an extraordinary and compelling reason for relief, it concluded that the factors in 18 U.S.C. § 3553(a) weighed heavily against his release. The District Court explained that Sparrow's conviction for unlawful possession of a firearm stemmed from the serious offense of discharging the firearm into a crowd. It noted that he had a prior conviction for armed robbery and multiple arrests, including arrests while on parole. The District Court stated that Sparrow had served less than half of his sentence and that his release would not reflect the seriousness of his offense and would be inconsistent with notions of deterrence. The District Court denied Sparrow's motion and this appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's decision for abuse of discretion. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020).

The applicable statute provides that a district court may reduce a federal inmate's term of imprisonment and may impose a term of probation or supervised release if it finds that "extraordinary and compelling reasons" warrant a reduction. 18 U.S.C.

3

§ 3582(c)(1)(A)(i). A district court must consider the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable and must find that a reduction is consistent with policy statements issued by the Sentencing Commission. Id. § 3582(c)(1)(A). The factors in § 3553(a) include: the nature and circumstances of the offense and the history and characteristics of the defendant; as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence to criminal conduct. 18 U.S.C. §§ 3553(a)(1), (2)(A)–(B).

The District Court did not abuse its discretion in concluding that the § 3553(a) factors weighed against granting release. Sparrow's Presentence Investigation Report reflects the seriousness of his offense as well as his criminal history. The District Court also correctly recognized that, at the time of its decision, Sparrow had served less than half of his sentence. See Pawlowski, 967 F.3d at 330-31 (time remaining to be served may be taken into account in considering whether to grant compassionate release). Sparrow contends that the District Court erred in finding that he would be a danger if released, but the District Court did not deny release on this basis. To the extent Sparrow contends that the District Court did not address his allegations of insufficient medical care at FCI Schuylkill, and that its decision creates a disparity between himself and others who have been granted relief, he has not shown "a clear error of judgment" in the District Court's decision. See id. at 330.

Sparrow states in his reply brief that there has been an increase in COVID-19 cases at FCI Schuylkill since the District Court issued its decision. He also notes that his

4

mother, with whom he had planned to live if released, has passed away. To the extent the circumstances have changed, Sparrow should pursue his administrative remedies. The Warden would then have the opportunity to address all of the current circumstances surrounding his request for release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (noting importance of strict compliance with exhaustion requirement).

Accordingly, we will affirm the judgment of the District Court.